# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION NO. 3:05-cr-432 |
| CHARLES SMITH, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Petitioner Charles Smith is an inmate at the Federal Correction Institution in Fort Dix, New Jersey. Presently before the Court is Smith's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 50). The Petition is fully briefed and ripe for disposition. As the Motion falls outside the one-year statute of limitations for Section 2255, the Court will dismiss Smith's Motion unless he can satisfy the Court that equitable tolling of the statute of limitations is warranted.

## BACKGROUND

On November 1, 2005, Petitioner was indicted by a federal grand jury on ten counts related to traveling in interstate commerce with the intent to engage in illegal sexual conduct with minors, in violation of Title 18, United States Code, §§ 2423(a), (b), and (e), and 2422(b). (Indictment, Doc. 1). On July 21, 2006, Smith pleaded guilty to count seven of the indictment, charging him with travel in interstate commerce for the purpose of engaging in illicit sexual conduct pursuant to 18 U.S.C. § 2423(b).[1] (Plea, Doc. 27). Petitioner was sentenced to a term of imprisonment of one hundred twenty (120) months by United States

---

[1] Petitioner incorrectly states that he pleaded guilty to counts one through six. (Pet. at 7). In fact, all counts except count seven were dismissed on the motion of the Untied States. (Judgement at 1, Doc. 35).

District Judge Thomas Vanaskie on January 5, 2007, and he appealed on January 16, 2007. (Judgement, Doc. 35; Doc. 36). On February 26, 2008, the United States Court of Appeals for the Third Circuit affirmed the District Court's Judgement, finding that Smith had "knowingly and voluntarily plead[ed] guilty to the offense charged." *U.S. v. Smith*, No. 07-1144, 266 Fed.Appx. 214, 216 (3d Cir. 2008). Smith did not petition the United States Supreme Court for certiorari.

On March 9, 2011, Smith filed his Motion to Vacate pursuant to 28 U.S.C. § 2255. In his Motion, he makes four claims of ineffective assistance of counsel and newly-discovered evidence: (1) that defense counsel failed to adequately investigate or present evidence of Petitioner's psychological problems or mental deficiencies; (2) that Smith's awareness of his "borderline mentality" constitutes newly-discovered evidence, but that his attorney could have easily determined as much for sentencing purposes; (3) that Smith's attorney failed to secure an agreed-upon downward departure for acceptance of responsibility; and (4) that counsel failed to investigate or present evidence of impotency that would have been crucial in Smith's defense. (Doc. 50 at 10-11).

On March 11, 2011, the Court directed Smith to make a "*Miller*" election, informing him that his Section 2255 claim would either be ruled on as filed, possibly foreclosing future avenues of relief, or allowing him an opportunity to withdraw and re-file the Motion. *See United States v. Miller*, 197 F.3d 644, 652 (3d Cir.1999). Smith elected to have the Court review his Petition as filed, but included a supplemental Addenda to Motion. (Doc. 54).

**I. Standard of Review**

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal

2

prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows prisoners to collaterally attack their sentence by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to prevail on a § 2255 motion, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003). The remedy is intended only where "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

> Section 2255(b) generally entitles a petitioner to a hearing on their motion:
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). Whether to conduct such a hearing is within the discretion of the district court. *U.S. v. Clive*, Criminal No. 05-0383, 2008 WL 3889726 at *3 (W.D. Pa. Aug. 19, 2008). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must

dismiss the motion." In such instances, an evidentiary hearing is not required. *Gov't of Virgin Islands v. Nicholas,* 759 F.2d 1073, 1075 (3d Cir. 1985).

**II. Statute of Limitations**

Section 2255 has a one-year statute of limitations that is subject to equitable tolling in exceptional circumstances. *Yao v. U.S.*, No. 10-3145, 2011 WL 4712203 at *3 (E.D. Pa. Oct. 7, 2011) (citing *Holland v. Florida*, 130 S.Ct. 2549 (2010)). Equitable tolling is only appropriate where "principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted); *McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007). Specifically, it applies where: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." *United States v. Crute*, 169 Fed. Appx. 105, 108 (3d Cir. 2006) (citation omitted). Equitable tolling should be invoked "only sparingly," *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. Pa. 1998) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), and is appropriate solely where a "petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights,'" *Miller*, 145 F.3d at 618 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). A lack of familiarity with law is not sufficient, *U.S. v. Kimbrew*, No. 07-163, 2010 WL 2773149 at *2 (July 13, 2010), nor is attorney malfeasance alone, *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Finally, an untimely petitioner must show that they were nevertheless diligent–"excusable neglect is not sufficient." *Id.*

The one year statute of limitation period is measured from the latest of:

4

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For the purposes of an ineffective assistance of counsel claim, the Court looks to "the date on which the judgment of conviction [became] final." U.S.C. § 2255(f)(1). Following a decision at the circuit court level, a judgment of conviction becomes final when the period for seeking certiorari to the United States Supreme Court expires, "90 days from the date on which the court of appeals affirms the judgment of conviction." *Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999). As Smith's judgement was affirmed on February 26, 2008, and as he did not to seek certiorari, his judgment of conviction became final ninety days later, on May 26, 2008. From then, he had one year, until May 26, 2009,[2] to file his Section 2255 Motion. Since it was actually filed on March 9, 2011, it is clear that Smith's Motion pertaining to ineffective assistance of counsel claims are time-barred by the statute of limitations. As the documents before the Court offer no explanation for the untimeliness of the Motion, the Court will direct Smith to file an brief concerning the lateness of his Petition and the applicability of equitable tolling to the statute of limitations.

---

[2]Though not explaining why, the United States concludes that Smith's judgment became final on April 3, 2008, the date on which the Third Circuit issued its mandate in Smith's appeal. (Doc. 62 at 4). The Supreme Court has addressed this issue directly, holding that the one-year limitations period for Section 2255 does not begin with the issuance of a mandate, but "starts to run when the time for seeking such [certiorari] expires." *Clay v. United States*, 537 U.S. 522, 532 (2003).

To the extent Smith's Motion is based on newly-discovered evidence, it similarly fails to satisfy the statute of limitations. For newly-discovered evidence, the one-year period begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Smith's first claim of newly-discovered evidence pertains to documents he claims to have received from his father on December 15, 2010. (Doc. 50 at 6). However, the Court holds that due diligence would have unearthed them far earlier. The documents were an Administrative Judge's review of Petitioner's 1995 Social Security Disability Claim, containing a December 1994 evaluation stating that Smith had borderline intellectual functioning. (Doc. 50 at 6, 9-10). The report was sent to Petitioner's father in 1995, who explained to Smith that his claim had been approved, but never forwarded him any of the supporting documents. (*Id.*). From these facts, the Court cannot conclude that such documents, which had been mailed to Smith over fifteen years ago, could not have been discovered with due diligence until Smith actually received them in December of 2010. Therefore, the Court also determines that this piece of new evidence is also barred by the statute of limitations as it could have been discovered at the time of Smith's sentencing in January of 2007.

Smith's own arguments suggest that due diligence would have easily uncovered these facts long ago. He states that he had "severe emotional and psychological symptoms" that required extensive treatment and hospitalization that "continued at least through June 2005." (Doc. 50 at 8). The Court finds it highly improbable that any cognitive impairment that had been uncovered at a Social Security Hearing over a decade earlier could have remained undiscoverable through all of that psychological scrutiny. In fact, Smith admits as much, arguing that his attorney's failure to present a diminished capacity defense was "incredibly

6

blatant and could have been easily discovered through a simple attorney-client conference." (Doc. 54 at 1). The Court agrees, for statute of limitations purposes, and finds that these documents, and the facts therein, could have been easily discovered with due diligence at the time of sentencing and are barred by Section 2255's statute of limitations.

Finally, to the extent Smith claims that his impotency constitutes newly-discovered evidence, the Court also finds it untimely. Though it is unclear when the impotency issue was originally detected, it is explicit from the Smith's Motion that as late as 2005 Smith was subjected to psychiatric examinations where he was treated for "an ongoing impotency problem" that was "let untreated without medication nor counseling." (Doc. 50 at 9). The Court holds that this information would have been squarely within Smith's personal knowledge, and that reasonable diligence would have easily discovered this issue as early as 2005 from these psychiatric sources.

## **CONCLUSION**

The Court finds Smith's Section 2255 Motion untimely as falling well outside the one-year statute of limitations period. To the extent that equitable tolling may apply in this matter due to exceptional circumstances, the parties will be afforded an opportunity to submit additional briefs on the issue. Petitioner's failure to do so within twenty-one (21) days may result in a dismissal of his Motion.

November 15, 2011  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION NO. 3:05-cr-432 |
| CHARLES SMITH, | (JUDGE CAPUTO) |
| Defendant. | |

## ORDER

**NOW**, this 15th day of November, 2011, **IT IS HEREBY ORDERED** that Petitioner Charles Smith is directed to file a reply brief regarding the timeliness of his Motion within twenty-one (21) days of this Order. Failure to do so may result in dismissal of his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 50). If Petitioner files such a brief, Respondent United States shall then have fourteen (14) days in which to submit a brief in response.

                                                            /s/ A. Richard Caputo  
                                                            A. Richard Caputo  
                                                            United States District Judge