# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:05-cr-432 |
| CHARLES SMITH, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Charles Smith's Motion for Reconsideration of the Court's April 23, 2012 Order denying as untimely Smith's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 78). Because Smith's Motion for Reconsideration raises the same arguments as his preceding motions, it will be denied.

## ANALYSIS

On July 21, 2006, Charles Smith pleaded guilty to violating 18 U.S.C. § 2423(b) by traveling in interstate commerce with the intent to engage in illegal sexual conduct. After the United States Court of Appeals for the Third Circuit affirmed his one hundred twenty (120) month sentence, *United States v. Smith*, 266 F. App'x 214 (3d Cir. 2008), Smith filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on March 9, 2011.

In his § 2255 Motion, Smith made four claims relating to ineffective assistance of counsel and newly-discovered evidence: (1) that defense counsel failed to adequately investigate or present evidence of Petitioner's psychological problems or mental deficiencies; (2) that Smith's awareness of his "borderline mentality" constitutes newly-discovered evidence, but that his attorney could have easily determined as much for sentencing

purposes; (3) that Smith's attorney failed to secure an agreed-upon downward departure for acceptance of responsibility; and (4) that counsel failed to investigate or present evidence of impotency that would have been crucial in Smith's defense. (Doc. 50 at 10-11.) In a November 15, 2011 Memorandum and Order, I found the motion untimely, but directed Smith to file a supplemental brief on the issue of equitable tolling. *United States v. Smith*, 3:05-CR-432, 2011 WL 5549095 (M.D. Pa. Nov. 15, 2011). I then construed Smith's February 28, 2012 Motion for Reconsideration as the requested brief, and specifically addressed the timeliness of Smith's § 2255 Motion on April 23, 2012. *United States v. Smith*, 3:05-CR-432, 2012 WL 1392318, at *4 (M.D. Pa. Apr. 23, 2012). In it, I held "that diligence would have earlier uncovered the facts that Smith now characterizes as newly discovered . . . at or before the time of sentencing." *Id.* at *4. I further concluded that while this may have been a failure on the part of Smith's lawyer, such a claim for ineffective assistance of counsel claim was untimely. *Id.*

Today, Smith has asked me to reconsider my April 23, 2012 determination that Smith was not sufficiently diligent in pursuing his psychological records. This, however, is essentially the second motion for reconsideration on this issue because, as explained above, my April 23, 2012 Memorandum and Order was itself a review of my November 15, 2011 decision in which I found that the new facts alleged "could have been easily discovered with due diligence at the time of sentencing and are barred by Section 2255's statute of limitations." *Smith*, 2011 WL 5549095, at *3.

The basis for a motion for reconsideration under Local Rule 7.10 is essentially the same as that under Rule 59. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No.

3:06–CV–1105, 2011 WL 4916397 at *2 (M.D. Pa. Oct.17, 2011). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). A motion for reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

Smith's instant Motion for Reconsideration, however, points to no clear error in my earlier decisions and raises no new arguments which were not presented in either of the two earlier motions. Instead, it again argues that Smith's "borderline intelligence" should weigh in his favor in determining what should have been known when for the purposes of newly-discovered evidence. As I noted in my April 23 Memorandum, even if this were true, such diminished capacity should have been apparent to Smith's attorney as Smith himself has argued that it "could have been easily discovered through a simple attorney-client conference." *Smith*, 2012 WL 1392318, at *3. Smith revives this argument in the instant Motion for Reconsideration, averring that "being incapable to perform his own due diligence, [he] should have had effective assistance of counsel to defend and direct him." (Mot. at 1, Doc. 78.) Unfortunately, as I have held previously, such a claim of ineffective assistance of counsel is now untimely and I decline to frame such a claim as one for newly discovered

3

evidence where none exists.

## **CONCLUSION**

While I am sympathetic to Defendant Smith's pleas of diminished capacity, this is now the third motion raising such in support of a claim of newly-discovered evidence for the purpose of a § 2255 Motion. Having rejected these arguments twice previously, there is nothing in Smith's current Motion for Reconsideration that compels a different outcome. Therefore, since Smith's Motion for Reconsideration raises no new facts or arguments, it will be denied. An appropriate order follows.


| July 20, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |